ON APPLICATION FOR REHEARING
PER CURIAM.
On State Farm’s application for rehearing we amend our judgment so as to eliminate our award of interest on its $15,-000 liability because State Farm now shows, by document not in the record on appeal and dated 39 days after the judgment, that before the judgment plaintiffs had waived the interest (although we also do not find any oral waiver in the record).
We do not eliminate our affirmation of the trial court’s award of trial costs nor our award of cost of the appellate transcript because the record and State Farm’s brief on appeal contradict the application’s claim that State Farm had paid its $15,000 liability as “undisputed.”
State Farm’s memorandum in support of motion for summary judgment averred payment “by draft dated March 5, 1982”— five months after suit was filed and 13 months after the accident. Plaintiffs’ application denied payment, asserting that State Farm had merely “tendered to plaintiff a $15,000 settlement offer.” Then, at the opening of trial, plaintiff counsel declared State Farm was “presently tendering to us the sum of $15,000” and State Farm’s counsel confirmed “that within the next week a State Farm draft in the amount of $15,000 will be issued .... ” Even State Farm’s brief on appeal describes its earlier $15,000 offer as “tendered ... as a full and final settlement of its liability, which plaintiffs refused.”
Thus the record fairly establishes that State Farm never tendered the $15,000 it now describes as “undisputed,” other than as a full settlement offer, until the day of trial. It is therefore responsible for all costs up until trial, and those are the only costs we cast it for, save for the cost of a transcript of testimony that was unnecessary to the record for State Farm’s appeal. We cast plaintiffs for all other costs of the appeal which they lost.
Our decree on costs is correct.